{¶ 21} I must dissent from the result reached by the majority.
 {¶ 22} This case does not involve a simple failure to file an answer. Appellant complains the court did not afford him the opportunity to present his point of view, but the record indicates otherwise. Appellant did not file a financial disclosure affidavit, and did not respond to the discovery requests appellee served on him. Appellant did not contest the temporary order of spousal support the court entered, but simply disregarded it. Appellant never took advantage of his right to submit information to the court or to appellee.
 {¶ 23} Appellant ignored all the proceedings until the date of the final hearing, when he appeared to challenge portions of appellee's evidence, and offered to produce documents he had not provided in discovery. Appellant's failure to comply with discovery and to respond to the action prior to the final hearing prejudiced appellee, who testified throughout the marriage appellant refused to disclose anything about his finances to her.
 {¶ 24} The rule set out in this opinion deprives the trial court of one of its most basic prerogatives: authority to control the proceedings in the case. It also places a prejudicial barrier to appellee, who must prepare her case blindfolded. Presumably, the court would have to grant a continuance of the final hearing to afford appellee a belated look at appellant's evidence, an unreasonable delay and impingement on the court's docket and an undeserved frustration for appellee. Appellant, on the other hand, suffers no consequences for his disdain of the proceedings.
 {¶ 25} On the state of this record, I would find the court did not abuse its discretion in informing appellant because he had chosen not to participate in the matter earlier; he also could not participate at the final hearing. I am unwilling to reward appellant for ignoring the court proceedings until the final day.
 {¶ 26} I would overrule all the assignments of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.